## Stege's Executors, et al. v. Milliken, et al.

(Decided May 11, 1916.)

Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

Wills—Sufficiency of Evidence to Sustain Verdict Finding Against Will.—In this will contest the evidence was conflicting, but there was sufficient to sustain the verdict of the jury finding that the testator did not have sufficient testamentary capacity to make a will at the time of its execution.

GIBSON & CRAWFORD for propounders.

O'DOHERTY & YONTS for contestants.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The litigation is a contest over the will of Christian Stege, who died in June, 1914, leaving surviving him his wife and ten adult children. The contestants are Mrs. Milliken and Mrs. Krieger, two of his daughters. The will in dispute was executed in January, 1911, and in this paper the testator, who at the time had an estate of the value of some $250,000.00, devised all of it to his wife for her life. After the death of his wife he devised the estate to his ten children "to be divided between them equally except that the following of them shall be charged at the division with the following amounts advanced to them or to their husbands, to-wit: Julius, with five thousand dollars; Ellinore (Mrs. Krieger) with thirty thousand dollars; Bertha (Mrs. Milliken) with twelve thousand dollars; Henry, with three thou-

sand dollars; George, with two thousand dollars, and Louis with two thousand dollars. The amounts mentioned are approximately correct, but whether they are correct or I am mistaken, I nevertheless desire that the amounts mentioned be charged and not a larger or smaller sum.''

The contest was based on the ground that the testator at the time this paper was executed did not have testamentary capacity, and the jury to whom the case was submitted, after a large array of witnesses had testified on each side and the court had given instructions to which there were no objections, found that the paper was not the last will of Mr. Stege.

From the judgment on the verdict the executors prosecute this appeal and ask a reversal of the judgment upon the ground that the verdict was so flagrantly against the evidence that we should set aside the judgment thereon and direct the probate of the will; or at least remand the case for a new trial with instructions to the trial court to direct a verdict for the propounders in the event of another trial.

It is a further minor contention that the court erred in allowing a witness who was not qualified so to do to express an opinion as to the testamentary capacity of the deceased. This last ground, however, is not of sufficient importance to deserve extended notice, and we pass it by without further comment.

There is nothing out of the ordinary in this case. The evidence for and against the will runs along the same lines that the evidence in this class of cases usually follows, and so we do not think any beneficial purpose would be accomplished in writing an extended opinion merely for the purpose of setting out the substance of what the witnesses said. Such an opinion is of no value in the administration of the law and only serves to fill up the reports with matter not useful either as precedent or authority.

The testator, at the time he made his will, in January, 1911, was about seventy-four years old. Until April, 1910, at which time he suffered a second stroke of apoplexy, he was recognized as a man of unusual business ability. Starting life without financial means, he had accumulated the large estate which he left at his death. The first stroke of apoplexy was not serious, and up to the time he suffered the second stroke no one

could be found who would question his testamentary capacity or doubt his ability to enter understandingly into any kind of a contract involving business affairs. So that all of the evidence as to his mental capacity, offered both on behalf of the propounders and contestants, was confined to his condition after April, 1910.

There is, as usual in cases like this, great conflict in the evidence, so much so that one reading the evidence for the propounders alone would come to the conclusion that the charge that Mr. Stege was not competent to make a will was entirely unfounded; but when the evidence for the contestants is turned to, an entirely different picture is presented and many incidents related showing that after April, 1910, in addition to other evidences of failing mental power, his memory, as well as his speech, was impaired and that he was unable at times to recognize or remember friends he had known for years, or to carry on and comprehend an ordinary conversation, or to transact business affairs of importance. In short, this evidence is of such a nature as to create in the mind of an unprejudiced person a reasonable doubt as to Mr. Stege's testamentary capacity at the time the will was made. A striking illustration of his failing mentality is found in the fact, apparently conceded by counsel for the propounders, that the advancements charged to Mrs. Krieger and Mrs. Milliken are largely in excess of the amounts actually advanced to them. No reason is assigned why these unjust advancements were charged, and certain it is that it did not grow out of any feeling of unkindness towards these two daughters, because there is ample evidence to the effect that he was very devoted to both of them as they were to him, although by the advancements set out in the will Mrs. Krieger was practically disinherited and the portion of Mrs. Milliken reduced much below the share she might reasonably have expected in an equal distribution of the estate.

The experienced trial judge, in overruling the motion for a new trial, said: "I have examined and reviewed the record very carefully and am of opinion not only that there was testimony sufficient to submit the case to the jury, but in the light of the great volume of testimony tending to show the want of capacity in the testator, it would be error for the court to set the verdict aside.

The weight of the testimony and the credibility of the witnesses were for the jury, and the court cannot hold that their finding is- not supported by sufficient evidence.

"The record seems exceptionally free from error as to ruling upon the admission and rejection of evidence; the instructions of the court are not made grounds for new trial, and it is practically conceded by the propounders that on the testimony it was not error to submit the case to the jury." And in this conclusion we concur.

The judgment is affirmed.